**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

| | |
|---|---|
| OMZZ TRADING CO., LIMITED and NINGBO UNIONMAX TECHNOLOGY CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>EVERPLAY LABS LIMITED,<br><br>Defendant. | Case No. 1:26-cv-09480<br><br>COMPLAINT<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs OMZZ Trading Co., Limited ("OMZZ") and Ningbo UnionMax Technology Co., Ltd. ("UnionMax," and together with OMZZ, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendant Everplay Labs Limited ("Everplay" or "Defendant") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq., seeking a declaration that the claims of U.S. Patent No. 12,551,811 (the "'811 patent") are invalid. A true and correct copy of the '811 patent is attached as Exhibit 1.

2. Plaintiffs sell children's magnetic fort-building play panel sets on the Amazon.com marketplace under the "Umoving" brand, including the "Umoving Deluxe Magnetic Fort Building Panels Kit" 24-piece set, offered under Amazon Standard Identification Number ("ASIN") B0F1F8XFQ6, and the "Umoving 20-Piece Magnetic Fort Building Kit," offered under ASIN

B0F1FC6SHD (together, the "Accused Products").

3. Everplay is the assignee of the '811 patent and sells competing magnetic play-panel products under the "Superspace" brand.

4. On or about July 2, 2026, Everplay executed and submitted an Amazon Patent Evaluation Express ("APEX") agreement asserting claim 1 of the '811 patent against the Accused Products' listings. A true and correct copy of the APEX agreement is attached as Exhibit 2. Under Amazon's APEX procedures, Everplay's submission will result in the automatic removal of Plaintiffs' listings unless Plaintiffs opt into the APEX evaluation, resolve the accusation with Everplay, or file an action for declaratory judgment.

5. Everplay's extra-judicial enforcement campaign has placed Plaintiffs' lawful business under imminent threat. Plaintiffs accordingly bring this action to establish that the '811 patent is invalid.

## THE PARTIES

6. Plaintiff OMZZ Trading Co., Limited is a limited company organized under the laws of Hong Kong, with its principal place of business at Room D6377, 4/F, Spinners Industrial Building Phase 5, 760 Cheung Sha Wan Road, Lai Chi Kok, Hong Kong. OMZZ is the Amazon seller of record and account holder for the Amazon listings of the Accused Products, through which the Accused Products are offered for sale and sold to consumers in the United States. Plaintiff Ningbo UnionMax Technology Co., Ltd. is a limited company organized under the laws of the People's Republic of China, with its principal place of business at Hedong Village, Xiaying Sub-district, Yinzhou District, Ningbo, Zhejiang, China. UnionMax is an affiliate of OMZZ and is engaged in the development and supply of the Accused Products sold under the Umoving brand.

7. On information and belief, Defendant Everplay Labs Limited is a private limited

company organized under the laws of England and Wales, with its registered office at 20-22 Wenlock Road, London N1 7GU, United Kingdom.

8. On information and belief, Everplay is the owner by assignment of the ’811 patent and identified itself as the patent owner in the APEX agreement.

9. On information and belief, Everplay sells and offers to sell its “Superspace” magnetic play-panel products to consumers throughout the United States, including in Illinois and this District, through Amazon.com, through its own website, and through its United States subsidiary, Everplay Learning Labs Inc., and has enrolled its “Superspace” brand in Amazon’s Brand Registry.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because the action arises under the patent laws of the United States and seeks declaratory relief with respect to an actual controversy within the Court’s jurisdiction.

11. An immediate, real, and justiciable controversy exists between Plaintiffs and Everplay concerning the alleged infringement and the validity of the ’811 patent, as evidenced by Everplay’s APEX submission targeting the Accused Products’ listings and the imminent removal of those listings. See *SnapPower v. Lighting Defense Group*, 100 F.4th 1371 (Fed. Cir. 2024).

12. This Court has personal jurisdiction over Everplay under Federal Rule of Civil Procedure 4(k)(2). Plaintiffs’ claims arise under federal law. On information and belief, Everplay, a United Kingdom company, is not subject to the general jurisdiction of the courts of any single state. Exercising jurisdiction over Everplay comports with due process because Everplay has purposefully directed its activities at the United States as a whole, including by (a) obtaining and asserting a United States patent; (b) executing and submitting the APEX agreement to invoke

Amazon's processes against Plaintiffs' listings on the United States Amazon.com marketplace, with the intent and foreseeable effect of removing those listings from United States commerce; and (c) on information and belief, selling and offering its Superspace products throughout the United States, directly and through its United States subsidiary. See *SnapPower*, 100 F.4th at 1376 –79.; see also *Shenzhen Wanfan Tech. Co. v. Orbital Structures Pty Ltd.*, No. 23-cv-2330, 2024 WL 325339 (N.D. Ill. Jan. 29, 2024) (sustaining personal jurisdiction under Rule 4(k)(2) over a foreign rights holder whose infringement complaints to Amazon caused the removal of a Chinese seller's listings, and holding that venue is proper in any judicial district under 28 U.S.C. § 1391(c)(3)).

13. In addition and in the alternative, this Court has specific personal jurisdiction over Everplay because Everplay's extra-judicial patent-enforcement activities were directed at listings through which the Accused Products are offered and sold to consumers in Illinois and this District, with intended and foreseeable effects in Illinois, and because, on information and belief, Everplay regularly sells and offers its Superspace products to consumers in Illinois and this District through Amazon.com and other channels and derives revenue from those sales.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(3) and (c)(3) because Everplay is not resident in the United States and may therefore be sued in any judicial district.

15. This action is properly filed in the Eastern Division of this District.

## FACTUAL BACKGROUND

### A. Plaintiffs and the Accused Products

16. Plaintiffs design and sell consumer products for children under the Umoving brand, including the Accused Products — magnetic fort-building play panel sets that allow children to build walk-in forts, playhouses, tunnels, and similar structures.

17. Each Accused Product consists of a set of large, lightweight felt play panels in shapes such as rectangles and trapezoids, made of felt produced from recycled plastic bottles. The panels attach to one another magnetically, edge to edge. The panels are sold fully assembled and are used as supplied: a user does not assemble the panels from component parts, and the Accused Products include no clips.

18. Plaintiffs have invested substantially in developing their products, their Amazon listings, and their customer goodwill. The listings for the Accused Products are a significant channel of Plaintiffs' United States sales.

**B. The '811 Patent**

19. The '811 patent, titled "System, Panel and Method," issued on February 17, 2026, from U.S. Application No. 18/023,046, which is the national-stage entry of International Application No. PCT/EP2021/073530, filed on August 25, 2021. The '811 patent claims priority to United Kingdom applications filed on August 25, 2020, and January 29, 2021.

20. The '811 patent contains 24 claims, of which claims 1, 17, 22, and 24 are independent.

21. The '811 patent issued only after repeated rejections. The examiner rejected the pending claims as obvious under 35 U.S.C. § 103 in a non-final Office action dated March 18, 2025, and again in a final Office action dated August 5, 2025, each time over prior art that included U.S. Patent Publication No. 2016/0184727 ("Ornstein"). The claims were allowed on November 12, 2025, only after the applicant amended the claims following the final rejection and added new claim 24.

22. Claim 1 of the '811 patent is directed to a "system for building a play area" and requires, among other limitations: "two or more panels," each comprising "a plurality of

connectors" defining first and second recesses at first and second ends; "a plurality of magnets," each "positioned in a connector of the plurality of connectors such that the magnet is able to rotate"; "a plurality of dowels," including a first dowel received within recesses of two different connectors and a second dowel "angled with respect to the first dowel"; and a wherein clause requiring that, when an edge of a first panel is brought towards an edge of a second panel "from any direction," at least one magnet in each panel "orientates" such that a magnetic connection is formed.

**C. Everplay's APEX Submission Against Plaintiffs' Listings**

23. APEX is an extra-judicial program administered by Amazon under which a patent owner may pay a third-party evaluator to assess whether listed products infringe one claim of a United States utility patent. The APEX evaluation involves no discovery, no hearing, and no live testimony, and it does not permit the accused seller to challenge the validity of the asserted patent. On information and belief, under Amazon's APEX procedures, once the patent owner submits an executed APEX agreement identifying the accused listings, Amazon notifies the targeted seller, and the accused listings are removed at the end of a twenty-one (21) day period unless, within that period, the seller (a) resolves the claim with the patent owner, (b) agrees to participate in the APEX evaluation, or (c) files an action for declaratory judgment and notifies Amazon of the filing. The only way for a seller to obtain a full adjudication of its defenses — including patent invalidity — without losing its listings is to file a declaratory judgment action.

24. On or about July 2, 2026, Everplay, acting through its counsel, executed the APEX agreement attached as Exhibit 2, identifying itself as the patent owner, asserting claim 1 of the '811 patent, and listing ASINs B0F1F8XFQ6 and B0F1FC6SHD — OMZZ's listings — as the accused products.

25. On or about July 6, 2026, Amazon notified OMZZ of Everplay's APEX submission. Absent Plaintiffs' participation in the APEX evaluation, a resolution with Everplay, or the filing of this action, Amazon will remove the accused listings.

26. Removal of the listings would cause Plaintiffs immediate and serious harm, including lost sales, loss of search ranking and "buy box" placement that cannot readily be regained, harm to seller-account health, and loss of customer goodwill.

**D. An Actual and Justiciable Controversy Exists**

27. By its APEX submission, Everplay has affirmatively asserted that the Accused Products infringe claim 1 of the '811 patent and has invoked a process designed to remove Plaintiffs' products from the marketplace. Plaintiffs deny infringement and contend the claims are invalid. The parties therefore have adverse legal interests in a dispute that is definite, concrete, real, and immediate, and a judicial declaration will resolve it.

**COUNT I**

**(Declaratory Judgment of Invalidity of the '811 Patent)**

28. Plaintiffs restate and incorporate by reference the allegations of the preceding paragraphs.

29. The claims of the '811 patent are invalid for failure to comply with one or more conditions of patentability set forth in Title 35 of the United States Code, including §§ 102, 103, and/or 112.

30. By way of example and without limitation, the claims of the '811 patent are invalid as obvious under 35 U.S.C. § 103 over combinations of prior art — each reference published or issued before the earliest claimed priority date of the '811 patent — including: U.S. Patent Publication No. 2016/0184727 ("Ornstein"); Chinese Patent Publication No. CN 104274984 A

("Wei"); International Publication No. WO 2006/112679 A1 ("Kim"); European Patent Publication No. EP 3549649 A1 ("Anu"); U.S. Patent No. 6,843,700 ("Glickman"); U.S. Patent No. 9,873,061 ("Cheung"); U.S. Patent No. 5,070,665 ("Marrin"); U.S. Patent Publication No. 2013/0072314 ("Goodman"); U.S. Patent No. 5,393,232 ("Haines"); and U.S. Patent No. 9,314,707.

31. For example, claim 1 is obvious over Ornstein in view of Wei and Kim. Ornstein discloses magnetic building tiles for constructing play structures — including play houses, castles, and forts — whose frames are formed of connectable segments housing magnets and whose tiles connect edge to edge at any angle. Wei discloses connectors having recesses at opposite ends, each recess housing a magnet, with elongated main pipes — dowels — received in the recesses of adjacent connectors, including at angles, to form three-dimensional frames. Kim discloses magnets held in receiving portions of a connecting member by mounting caps such that the magnets rotate and self-orient when another magnet approaches, the caps defining holes that receive rod bodies. A person of ordinary skill in the art would have been motivated to combine these teachings — applying Kim's rotatable, self-orienting magnet mountings to the panel frames of Ornstein and Wei to solve the familiar problem of mismatched magnetic poles — with a reasonable expectation of success, yielding the system recited in claim 1.

32. The remaining limitations of the dependent claims and of independent claims 17, 22, and 24 are likewise disclosed by this art: Anu discloses diametrically magnetized cylindrical magnets that freely rotate to self-orient; Marrin discloses play panels whose fabric covers form sleeves over frame members; Goodman discloses life-size playhouse structures; Haines discloses display boards magnetically carried on panels; Glickman discloses rod-and-connector construction sets with sockets at right and acute angles; and Cheung discloses construction members carrying

rotatable magnet assemblies at opposite ends. Kim's mounting caps — each holding a magnet and defining a hole that receives a rod — disclose the "clip" limitations of claims 5 and 24, the very feature the examiner had identified as allegedly allowable during examination.

33. Plaintiffs' prior-art investigation is ongoing, and Plaintiffs reserve the right to rely on additional prior art and grounds of invalidity. Plaintiffs will provide detailed invalidity contentions in accordance with the Local Patent Rules of this District, including LPR 2.6, at the time those rules require.

34. Plaintiffs are entitled to a judgment declaring that the claims of the '811 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against Everplay as follows:

A. A declaration that the claims of the '811 patent are invalid;

B. An order directing Everplay to withdraw its APEX submission with respect to Plaintiffs' listings, and preliminarily and permanently enjoining Everplay and all persons acting in concert with it from asserting the '811 patent against Plaintiffs with respect to the Accused Products, including by submitting infringement reports or evaluation requests to Amazon or any other marketplace directed at Plaintiffs' listings of the Accused Products;

C. A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiffs of their reasonable attorneys' fees;

D. An award to Plaintiffs of their costs; and

E. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 7, 2026

Respectfully submitted,

*/s/ Jia Song*
Jia Song, Esq.
Mao Peng, Esq.
SUMMIT LAW PLLC
418 Broadway #8384
Albany, NY 12207
Telephone: (917) 293-9201
Email: jia.song@summitlaw.net
Email: mao.peng@summitlaw.net

*Counsel for Plaintiffs*
*OMZZ Trading Co., Limited and Ningbo UnionMax Technology Co., Ltd.*