**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

| | |
|---|---|
| OMZZ TRADING CO., LIMITED and NINGBO UNIONMAX TECHNOLOGY CO., LTD., | Case No. 1:26-cv-09480 |
| Plaintiffs and Counterclaim-Defendants, | Judge Sunil R. Harjani<br>Magistrate Judge Karyn L. Bass Ehler |
| v. | **JURY TRIAL DEMAND** |
| EVERPLAY LABS LIMITED, | |
| Defendant and Counterclaim-Plaintiff. | |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION OF THE '811 PATENT**

Plaintiffs and Counterclaim-Defendants OMZZ Trading Co., Limited and Ningbo UnionMax Technology Co., Ltd. ("Plaintiffs") respectfully move the Court to stay this action in its entirety pending the ex parte reexamination of U.S. Patent No. 12,551,811 (the "'811 patent"), the only patent in suit, which is before the United States Patent and Trademark Office ("USPTO") as Control No. 90/016,557. Plaintiffs ask that the stay run until the USPTO decides whether to order reexamination, which it must do on or about December 1, 2026; that it continue through the conclusion of the reexamination if reexamination is ordered; and that it lift automatically if the request is denied. In the alternative, Plaintiffs ask the Court to enter the same stay as to all proceedings other than the motion for a preliminary injunction filed by Defendant and Counterclaim-Plaintiff Everplay Labs Limited ("Everplay") (Dkt. 12).

**INTRODUCTION**

This case is at its very beginning. No scheduling order has been entered, no discovery has

been served, no contentions have been exchanged, and the initial status hearing is set for October 29, 2026. Every claim of the only patent in suit is the subject of a request for ex parte reexamination that was filed on September 1, 2026. The USPTO must decide within three months whether to order reexamination, 35 U.S.C. § 303(a), and it has granted 92.7% of all such requests. In 77.8% of the reexamination certificates the USPTO has issued, the claims were either canceled in their entirety (14.5%) or changed (63.3%).

Everplay moved for a preliminary injunction on September 17, 2026, and the Court has referred that motion to Magistrate Judge Bass Ehler. (Dkt. 12, 15, 16.) That motion is not a reason to deny a stay. Everplay says its motion turns on "the merits of the parties' infringement and validity positions." (Dkt. 14 ¶ 6.) The validity question is the one now before the USPTO, and the record already shows that it is substantial: the Examiner allowed the claims for a single stated reason, and the request for reexamination identifies that very feature in prior art the Examiner did not have. Plaintiffs therefore ask the Court to stay the entire action. If the Court concludes that Everplay's motion should first be resolved on full briefing, Plaintiffs ask in the alternative that the Court stay everything else now, so that the parties are not required to litigate the same questions a second time through contentions, document production, depositions, and claim construction while the USPTO examines the same claims against the same art.

## BACKGROUND

1. The '811 patent, entitled "System, Panel and Method," issued on February 17, 2026. During prosecution, the Examiner twice rejected the pending claims as obvious under 35 U.S.C. § 103 over U.S. Patent Publication No. 2016/0184727 ("Ornstein") in view of a second reference, in a non-final Office Action dated March 18, 2025 and a final Office Action dated August 5, 2025, and allowed the claims only after the applicant amended them following the final rejection.

(Dkt. 13 at 10–11; Dkt. 13-18 at 5; Dkt. 13-19 at 4; Dkt. 13-21 at 2.)

2. In allowing the claims, the Examiner gave a single reason: "The closest prior art of record fails to make obvious a magnetized panel system comprising dowels and connectors having the structure as claimed, the connectors housing a magnet in each of two end recesses and the recesses each receiving a dowel in the manner claimed." (Dkt. 13-22 at 8.)

3. On or about July 2, 2026, Everplay asserted claim 1 of the ’811 patent against Plaintiffs’ Amazon.com listings through Amazon’s Patent Evaluation Express program. (Dkt. 9 ¶¶ 4, 24.) Plaintiffs filed this action on August 7, 2026, seeking a declaratory judgment that the claims of the ’811 patent are invalid. (Dkt. 1.) Amazon has paused its evaluation pending this Court’s decision.

4. Everplay appeared on August 31, 2026 and filed its Answer, Affirmative Defenses and Counterclaims, asserting counterclaims for infringement of the ’811 patent, for trademark and trade dress infringement, and for common-law unfair competition. (Dkt. 9.) Everplay did not seek preliminary relief at that time. Plaintiffs’ answer to the Counterclaims is due September 21, 2026.

5. On September 1, 2026, the day after Everplay counterclaimed, a request for ex parte reexamination of all 24 claims of the ’811 patent was filed with the USPTO and assigned Control No. 90/016,557. (Ex. 1, Request for Ex Parte Reexamination, at i.) The request relies on nine prior art references. (*Id.* at 1.) As to every claim, it proposes a rejection under 35 U.S.C. § 103 over Ornstein in view of Chinese Patent Publication No. CN 104274984 A ("Wei") and International Publication No. WO 2006/112679 A1 ("Kim"), alone or together with additional references. (*Id.* at 6–32.) According to the request, Wei discloses connectors that define a recess at each end, with a magnet housed in each recess and a dowel received in each recess, and Kim

discloses magnets that rotate within their housings so that adjacent magnets attract. (*Id.* at 7–8.) The request thus addresses the feature that the Examiner identified as missing from the prior art of record. Neither Wei nor Kim is among the references cited on the face of the ’811 patent. (Dkt. 13-8 at 2–4.)

6. On September 4, 2026, the USPTO notified the requester and Everplay’s patent counsel that the request met the filing requirements of 37 C.F.R. § 1.510 as of September 1, 2026, and that “[a] decision on the request for reexamination will be mailed within three months from the filing date of the request for reexamination.” (Ex. 2, Notice of Reexamination Request Filing Date.) On the same day, the USPTO assigned the request to Art Unit 3993 of its Central Reexamination Unit and invited Everplay to waive its patent owner’s statement, which, according to the USPTO, eliminates a waiting period that “can be as long as 5 to 6 months” between an order granting reexamination and the first action on the merits. (Ex. 2, Notice of Assignment of Reexamination Request.)

7. According to the USPTO’s most recent statistics, the Office has granted 92.7% of all requests for ex parte reexamination (14,833 of 15,998). Of the reexamination certificates issued, 14.5% canceled all claims and 63.3% changed the claims; 22.2% confirmed all claims. The median pendency from filing to certificate is 18.9 months. (Ex. 3, USPTO, Ex Parte Reexamination Filing Data – September 30, 2025.)

8. On September 17, 2026, Everplay moved for a preliminary injunction (Dkt. 12), filed a supporting brief and twenty-two exhibits (Dkt. 13), and moved for an expedited briefing schedule and hearing (Dkt. 14). The motion is brought under 35 U.S.C. § 283 and rests on Everplay’s patent infringement counterclaim alone. (Dkt. 12 at 1; Dkt. 13 at 8–13.) Everplay states that the motion will turn on “the merits of the parties’ infringement and validity positions.”

(Dkt. 14 ¶ 6.) On September 18, 2026, the Court referred both motions to Magistrate Judge Bass Ehler. (Dkt. 15, 16.)

9. This case otherwise remains at its inception. The Court has set an initial status hearing for October 29, 2026 and directed the parties to file a joint initial status report by October 22, 2026. No scheduling order has been entered, no discovery requests have been served, and no contentions under the Local Patent Rules have been exchanged.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Courts in this District consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009); see also *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 873 (N.D. Ill. 2016) (same considerations govern "a motion to stay pending inter partes or ex parte reexamination by the PTO").

## ARGUMENT

### I. The Case Is at Its Earliest Stage, and a Stay Will Reduce the Burden of Litigation.

A stay is most appropriate when it is sought before the parties and the Court have invested substantial resources. Where "significant discovery [is] yet to be completed, claim construction has not occurred, and a trial date has yet to be set," a stay is appropriate. *Trading*

*Techs.*, 186 F. Supp. 3d at 876. Here nothing has happened beyond the pleadings and Everplay's preliminary injunction motion. The request for reexamination was filed twenty-five days after the Complaint and one day after Everplay asserted its infringement counterclaim, and this motion follows within weeks.

Absent a stay, the Local Patent Rules and the Court's standard patent schedule would require the parties, over the coming months, to exchange initial infringement, non-infringement, and invalidity contentions and the accompanying document productions, to serve final contentions, and to brief and argue claim construction, all directed to claims that the USPTO will be reexamining at the same time and on the same prior art. Because Plaintiffs are located in China and Hong Kong, that discovery will also entail translation, cross-border document collection, and depositions abroad. Those are the burdens a stay avoids.

**II. Reexamination Will Simplify the Issues.**

"One purpose of the reexamination procedure is to eliminate trial of [the validity] issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Each possible outcome of the reexamination is likely to simplify this case or materially inform it.

*First*, the request challenges all 24 claims of the only patent in suit. If all claims are canceled, as has happened in 14.5% of reexamination certificates, Plaintiffs' declaratory judgment claim and Everplay's infringement counterclaim are both resolved. *Second*, if claims are amended, as has happened in 63.3% of certificates, the infringement analysis will have to be performed on different claims, and, if the amended claims are not substantially identical to the original claims, Everplay's ability to recover for sales made before the certificate issues may be

limited by intervening rights. 35 U.S.C. §§ 252, 307(b). Contentions, claim construction, and discovery directed to the original claims would have to be redone. *Third*, even if every claim were confirmed, the Court and the parties would have the benefit of the USPTO's analysis of the same prior art at issue here, and the statements Everplay makes to the USPTO to defend its claims will become part of the intrinsic record that governs claim construction.

The overlap between the two proceedings is direct. The Examiner allowed the claims because, in the Examiner's view, the closest prior art of record did not make obvious "connectors housing a magnet in each of two end recesses and the recesses each receiving a dowel in the manner claimed." (Dkt. 13-22 at 8.) The request for reexamination identifies that arrangement in Wei, and the rotating magnets of claim 1 in Kim, neither of which was of record. (Ex. 1 at 5, 7–8.) Whether the feature that carried the '811 patent to allowance was in fact new is the central question in this case, and it is now before the agency with the expertise and the statutory mandate to answer it.

**III. Everplay's Objections to the Reexamination Are for the USPTO, and They Lack Merit.**

Everplay argues in a footnote that the USPTO is not "likely to grant the request because the prior art identified in the reexamination request, which is the same prior art identified in the declaratory judgment complaint, was submitted to the USPTO in the prosecution of related U.S. Application No. 19/353,521, which subsequently received a notice of allowance without further adverse office actions." (Dkt. 13 at 5 n.2.) That argument fails on the law and on Everplay's own exhibits.

On the law, Congress addressed this point directly: "The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office." 35 U.S.C. § 303(a).

On the facts, Everplay's exhibits show that it submitted the references in an information disclosure statement on September 1, 2026, more than three weeks after Plaintiffs identified them in the Complaint; that the Examiner marked them as considered two days later, on September 3, 2026; and that the document Everplay describes as a notice of allowance is a form "Corrected Notice of Allowability," sent the following day, on which the box for an "Examiner's Statement of Reasons for Allowance" is not checked. (Dkt. 13-16 at 2–3; Dkt. 13-17 at 2–3.) As submitted by Everplay, that notice contains no statement of reasons and no discussion of Wei, of Kim, or of any other reference. Under the USPTO's own guidance, an examiner's consideration of an information disclosure statement "means nothing more than considering the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search." MPEP § 609. The notice also concerns a different application with a different set of claims, claims 1 and 5–20 of the continuation. (Dkt. 13-17 at 3.) Everplay offers no comparison of those claims to claims 1 through 24 of the '811 patent, and it does not contend that any examiner has ever applied Wei or Kim to the claims at issue here. The reexamination, by contrast, will address those claims, and it has been assigned to the USPTO's Central Reexamination Unit. (Ex. 2, Notice of Assignment of Reexamination Request.)

Everplay also predicts that the USPTO will not decide whether to grant the request "until after the holiday season." (Dkt. 13 at 5 n.2.) The statute requires a determination within three months of the request, 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a), which here means on or about December 1, 2026, and the USPTO has confirmed that timetable in this proceeding. (Ex. 2, Notice of Reexamination Request Filing Date.) Reexamination proceedings are conducted "with special dispatch within the Office," 35 U.S.C. § 305, and the USPTO gives cases involved in

litigation “priority over all other cases.” MPEP § 2261.

**IV. The Stay Should Extend to Everplay’s Remaining Counterclaims.**

Everplay also pleads counterclaims under the Lanham Act and the common law. (Dkt. 9, Counterclaims ¶¶ 33–59.) They should be stayed with the rest of the case, for three reasons.

*First*, they arise from the same products, the same Amazon.com listings, the same sales, and the same witnesses as the patent claims, nearly all of them located in China and Hong Kong. Proceeding on those counterclaims alone would require the parties to conduct cross-border discovery now and to repeat much of it when the patent claims resume. See *Trading Techs.*, 186 F. Supp. 3d at 871, 879 (staying consolidated cases in their entirety although two of the twelve asserted patents were not under review).

*Second*, the trade dress counterclaim is tied to the patent. Everplay alleges that Plaintiffs copied the “product configuration” of its magnetic panel sets (Dkt. 9, Counterclaims ¶ 52), and it represents that the same product “embodies claim 1” and that it “specifically promotes the claimed magnetic connection functionality as an important feature of the product.” (Dkt. 13 at 13.) “A utility patent is strong evidence that the features therein claimed are functional,” and “trade dress protection may not be claimed for product features that are functional.” *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001). What the ’811 patent claims, as finally determined in the reexamination, will therefore bear directly on the trade dress counterclaim.

*Third*, Everplay itself has not treated these counterclaims as urgent. Its motion for a preliminary injunction is brought under 35 U.S.C. § 283 and relies on the patent counterclaim alone. (Dkt. 12 at 1.)

**V. A Stay Will Not Unduly Prejudice Everplay.**

Everplay seeks money damages that it describes as "no less than a reasonable royalty" (Dkt. 9, Counterclaims ¶ 30), and any damages it may ultimately prove will continue to accrue during a stay. Its own timeline is inconsistent with a claim of urgency. The '811 patent issued on February 17, 2026. By Everplay's account, holiday inventory is "manufactured and imported months in advance." (Dkt. 13 at 4.) Yet Everplay sought no relief from any court until it was sued. It chose an extra-judicial Amazon procedure on July 2, 2026; it asserted infringement in this Court only on August 31, 2026, in response to Plaintiffs' Complaint and without seeking preliminary relief; and it moved for an injunction only on September 17, 2026, seven months after the patent issued.

Everplay can also shorten the reexamination itself. The USPTO has invited it to waive its patent owner's statement, a step that, according to the USPTO, avoids a waiting period that "can be as long as 5 to 6 months." (Ex. 2, Notice of Assignment of Reexamination Request.) And a stay limited to the proceedings other than the preliminary injunction motion could not cause the harm Everplay alleges. That harm is the loss of fourth-quarter sales (Dkt. 13 at 6–8), which its injunction motion addresses; the exchange of contentions and the production of documents during the same period would do nothing to prevent it.

Nor is a tactical advantage sought. The request for reexamination was filed promptly, within weeks of the Complaint, and this motion is filed before any scheduling order has been entered and before the parties have exchanged a single contention.

**VI. The Pending Preliminary Injunction Motion Does Not Preclude a Stay of the Entire Action.**

Plaintiffs ask the Court to stay the entire action, including Everplay's motion for a preliminary injunction. Plaintiffs recognize that a court may not use a stay to avoid such a

motion. In *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, the Federal Circuit vacated a stay pending reexamination because the district court had "expressly refused to consider" the preliminary injunction factors and had thereby "effectively den[ied]" the motion "without considering and balancing the required factors." 549 F.3d 842, 847 (Fed. Cir. 2008). But *Procter & Gamble* does not forbid a stay while an injunction motion is pending. It requires that the court weigh the injunction factors before entering one, and it explains how the two inquiries fit together: "A preliminary injunction should not be granted if there is a substantial issue of patent validity," and "a stay should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding." *Id.* at 849.

The same showing thus answers both questions, and the record Everplay itself submitted makes that showing. The Examiner gave one reason for allowing the claims (Dkt. 13-22 at 8), and the request for reexamination identifies that feature in a reference the Examiner did not have. (Ex. 1 at 5, 7.) Everplay's delay, described above, is inconsistent with irreparable harm, and the damages it has pleaded will continue to accrue. Plaintiffs will address the injunction factors in full in their opposition to Dkt. 12. For present purposes, the point is that the Court may weigh those factors, conclude that a patent subject to a substantial question of validity cannot support the extraordinary remedy of a preliminary injunction, and stay the entire action.

If the Court concludes instead that Everplay's motion should be resolved on full briefing before a stay reaches it, Plaintiffs request in the alternative that the Court stay all other proceedings now and extend the stay to the entire action once it has ruled on that motion. That course follows *Procter & Gamble* to the letter: once the injunction motion has been decided, the district court "of course remains free to exercise its discretion and stay [the] case pending reexamination should either party so move." *Id.* at 849. It is also practical. The motion has been

referred to Magistrate Judge Bass Ehler and will proceed on its own schedule (Dkt. 15, 16), and nothing in the contention and discovery deadlines of the Local Patent Rules is needed to resolve it. However the motion is decided, a stay of the remaining proceedings is warranted. If it is denied because there is a substantial question of validity, the same finding supports the stay. If it is denied on other grounds, nothing requires the parties to race through discovery and claim construction on claims the USPTO is reexamining. And if it were granted, Everplay would have the protection it says it needs, and the remaining question, whether the claims survive reexamination, would be one for the USPTO.

**VII. At a Minimum, the Court Should Hold the Case Schedule in Abeyance Until the USPTO Rules on the Request.**

If the Court is not prepared to enter either stay at this time, Plaintiffs respectfully request, at a minimum, that the Court hold in abeyance the deadlines under the Local Patent Rules and the entry of a scheduling order until the USPTO decides whether to order reexamination, direct the parties to file a joint status report within seven days after that decision, and permit Plaintiffs to renew this motion at that time. That limited relief would avoid an exchange of contentions that the USPTO's decision may render obsolete, and it would not affect the schedule on Everplay's preliminary injunction motion.

## STATEMENT OF CONFERRAL

In accordance with the Court's case procedures, Plaintiffs' counsel asked Everplay's counsel by email on September 20, 2026 whether Everplay opposes this motion. Everplay's counsel stated that Everplay would oppose the motion.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court:

A. stay this action in its entirety, including proceedings on Everplay's motion for a preliminary injunction (Dkt. 12) and its motion to set an expedited briefing schedule and hearing (Dkt. 14), pending the USPTO's decision whether to order reexamination in Control No. 90/016,557; order that, if the USPTO orders reexamination, the stay shall continue through the conclusion of the reexamination, and that, if the USPTO denies the request, the stay shall lift without further order and the parties shall file a proposed case schedule within seven days; vacate the deadlines under the Local Patent Rules, the October 22, 2026 deadline for the joint initial status report, and the October 29, 2026 initial status hearing; and direct the parties to file a joint status report within seven days after the USPTO's decision on the request, every 120 days thereafter while the reexamination is pending, and within seven days after its conclusion;

B. in the alternative, enter the same stay as to all proceedings other than the briefing and resolution of Dkt. 12 and Dkt. 14, with the stay to extend to the entire action upon the Court's ruling on Dkt. 12, without prejudice to any party's right to seek modification of any injunction that may be entered; or

C. at a minimum, grant the relief described in Part VII above.

A proposed order will be submitted to the Court's proposed-order inbox in accordance with the Court's case procedures.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Jia Song*
Jia Song, Esq.
Mao Peng, Esq.

SUMMIT LAW PLLC
418 Broadway #8384
Albany, NY 12207
Telephone: (917) 293-9201
Email: jia.song@summitlaw.net
Email: mao.peng@summitlaw.net

*Counsel for Plaintiffs and Counterclaim-Defendants*
*OMZZ Trading Co., Limited and Ningbo UnionMax Technology Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jia Song*
Jia Song