**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OMZZ TRADING CO., LIMITED and NINGBO UNIONMAX TECHNOLOGY CO., LTD.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>EVERPLAY LABS LIMITED,<br><br>Defendant and Counterclaim-Plaintiff. | Case No. 1:26-cv-09480<br><br>Judge Sunil R. Harjani<br>Magistrate Judge Karyn L. Bass Ehler<br><br>**JURY TRIAL DEMAND** |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Entry of September 23, 2026 (Dkt. 25), Plaintiffs and Counterclaim-Defendants OMZZ Trading Co., Limited and Ningbo UnionMax Technology Co., Ltd. ("Plaintiffs") and Defendant and Counterclaim-Plaintiff Everplay Labs Limited ("Everplay") submit this Joint Status Report.

**1. Whether Plaintiffs Intend to Retain an Expert Witness**

**Plaintiffs' Statement.** Plaintiffs have conferred with their clients and do not intend to retain an expert witness for their response to Everplay's Motion for Preliminary Injunction (Dkt. 12). Plaintiffs' response will rely on the prior art references and prosecution history already of record, the request for ex parte reexamination pending before the United States Patent and Trademark Office (Control No. 90/016,557), declarations from Plaintiffs' personnel, and documentary evidence.

Plaintiffs respectfully submit that the briefing schedule entered on September 23, 2026 (Dkt. 25) should remain in place. Plaintiffs' response to Everplay's scheduling motion referred to

retaining an expert "if needed" (Dkt. 17 ¶ 3), and the remaining grounds for the schedule are unchanged. Plaintiffs' offices in Ningbo and Hong Kong are closed from September 25 through October 7, 2026 for the Mid-Autumn Festival and National Day holidays. The declarations and documents that Plaintiffs must obtain from their personnel, concerning the design and launch of the accused products, sales and inventory, advertising practices, and the harm an injunction would cause, cannot be gathered during that closure; communications with Plaintiffs' personnel are in any event subject to a twelve hour time difference, and documents originating in Chinese must be translated before they can be submitted. Everplay filed its motion on September 17, 2026, eight days before that closure began, with a director's declaration, a 57-page expert declaration, and twenty-two exhibits, and Plaintiffs must respond on infringement, validity, the equitable factors, and security. Plaintiffs' decision not to retain an expert will reduce the cost of these proceedings; it does not reduce the time required to obtain evidence from abroad. Under the current schedule, the motion will be fully briefed by October 21, 2026, two weeks before the hearing.

**Everplay's Statement.** The principal premise of the current schedule no longer applies, and therefore Everplay requests the Court advance the schedule and—to the extent possible—the hearing date. The Court set the October 14 date "based in part on the representations made by [Plaintiffs] in their Response, including that OMZZ needs additional time to 'retain an expert.'" (Dkt. 25.) Plaintiffs now confirm that no expert will be retained. There is accordingly no expert report to prepare and no technical rebuttal to develop.

Plaintiffs refer to the length of Everplay's declaration (Dkt. 13-7), but most of the declaration concerns claim-by-claim infringement analysis. Claim 1, the only claim on which Everplay seeks an injunction, occupies only six pages (pp. 24-29), and Plaintiffs do not appear to

be contesting infringement of that claim given the decision not to retain an expert and the only specific non-infringement contention in Plaintiffs' Answer concerning a "clip" that does not appear in claim 1 and that is only recited in claims 5 and 24 (Dkt. 18, Third Defense).

Plaintiffs also overstate the effect of their holiday closure. In Hong Kong, where OMZZ Trading is located, the general holidays in this period are the day following the Chinese Mid-Autumn Festival (Saturday, September 26) and National Day (Thursday, October 1).[1] In the People's Republic of China, where UnionMax is located, the holidays are September 25 through 27 and October 1 through 7. September 28, 29, and 30 and October 8 and 9 are working days, and Sunday, September 20 and Saturday, October 10 are designated working days—*i.e.*, the government adds working days to make up for holidays.[2]

At the September 23 hearing the Court stated that it "may expedite the briefing schedule based off of the responses, if needed, because we need to get this information in front of the Court as quickly as possible." (Tr. 13:3-7). As Everplay noted in the status hearing, OMZZ's procedural tactics have been delaying Everplay's efforts to obtain expedited resolution of this dispute. (Tr. 7:2–14). Delay benefits OMZZ and harms Everplay. To the extent a shortened briefing schedule and a condensed hearing facilitates a hearing date before November 2, Everplay respectfully requests an earlier hearing date as the Court's schedule permits. Everplay respectfully requests that the Court reconsider the briefing schedule—with Plaintiffs' opposition due October 5 and Everplay's reply due October 9—so that the Court may hear the motion as early as it is able.

**Plaintiffs' Response.** The schedule should not be advanced. First, an earlier opposition

[1] Government of the Hong Kong Special Administrative Region, General holidays for 2026, https://www.gov.hk/en/about/abouthk/holiday/2026.htm

[2] General Office of the State Council, Notice on Certain Holiday Arrangements for 2026, Guo Ban Fa Ming Dian [2025] No. 7 (Nov. 4, 2025), https://www.gov.cn/zhengce/zhengceku/202511/content_7047091.htm

deadline would not produce an earlier hearing. The Court has stated that November 2 or November 5 is the earliest date available and that a hearing in mid-October would not give the Court enough time to read the briefs (Tr. 4:9–13, 6:2–6, 13:8–17), and Everplay's counsel acknowledged, "If November 2nd is the earliest date that it is available, then . . . that is what it is" (Tr. 5:2–3). Second, Everplay itself proposed October 13 as an acceptable opposition deadline (Dkt. 14 ¶ 7); the current deadline is one day later. Third, Everplay's proposed October 5 deadline falls in the middle of the National Day holiday even on Everplay's own account of the calendar (October 1 through 7). Plaintiffs' statement above concerns their own offices, not the public-holiday calendar. Because the Mid-Autumn Festival and National Day holidays fall only days apart this year, it is common in China for businesses to close for the entire period, and Plaintiffs' offices, as planned in advance, are closed from September 25 through October 7. Even outside the closure, the time difference means that each round of questions and answers with Plaintiffs' personnel takes about a full day; confirming the positions stated in this report alone required several such rounds. Fourth, Plaintiffs do not concede infringement. Plaintiffs have denied that the accused products infringe any claim of the '811 patent, including claim 1 (Dkt. 18 ¶¶ 26–29), and their Third Defense is not limited to the "clip" limitation: it states that the accused products "do not satisfy one or more limitations of each of the remaining claims of the '811 patent as properly construed" (id., Third Defense). The decision not to retain an expert concedes nothing; Everplay bears the burden of showing a likelihood of success on both infringement and validity. Plaintiffs will file their opposition on or before October 14, 2026, and will not seek an extension of that date.

Finally, Everplay's charge of delay has it backwards. Everplay chose to file its motion on September 17, 2026, eight days before the holidays in China, where Plaintiffs are located; seven

months after the ’811 patent issued; and after counterclaiming on August 31 without seeking preliminary relief. As the Court observed at the hearing, “the thing that I would need for it to be heard earlier is for us to have a time machine and for you to have filed this two months earlier.” (Tr. 5:24–6:1.) The current schedule reflects that timing, not any delay by Plaintiffs.

**2. Witnesses and Anticipated Length of Testimony**

**Joint Statement.** The parties anticipate that the hearing can be completed within one half day.

**Plaintiffs.** Plaintiffs do not intend to call any witnesses at the hearing. Plaintiffs will rely on the declarations and documentary evidence submitted with their response and on the argument of counsel. Plaintiffs anticipate that cross-examination of Everplay’s witnesses will require approximately one hour in total. Because no witness for Plaintiffs will testify, no interpreter will be required. Plaintiffs further note that, should the Court determine that an evidentiary hearing is unnecessary, Plaintiffs are prepared to have the motion decided on the papers, with or without oral argument, as the Court prefers.

**Everplay.** On the present record, Everplay believes a hearing would be helpful and appropriate, and it is prepared to proceed on November 2 or November 5 as the Court directs. Everplay intends to call two witnesses, both in person: (1) Tim P. Fletcher, Everplay’s technical expert, and (2) Anthony Erwin, a director of Everplay, who will travel from New Zealand.

Plaintiffs state that they intend to rely on declarations from their personnel, but they have not identified those declarants, and they state that they will call no witnesses at the hearing. Everplay therefore does not estimate cross-examination time, because Plaintiffs do not propose to produce any witness to be cross-examined. Everplay requests that any declarant on whose testimony Plaintiffs rely be produced for cross-examination at the hearing. Declarations of

witnesses who are not produced for cross-examination are entitled to little weight. *See Sampson v. Murray*, 415 U.S. 61, 89 n.63 (1974) ("a district court in appropriate circumstances may be justified in resolving against a party refusing to produce a witness under his control the relevant issues upon which that witness' testimony might have touched"); *LKRB Indus., LLC v. Xuzhouaiyaxundianzishangwuyouxiangongsi*, No. 2:24-cv-1601, 2025 WL 531845, at *9 (W.D. Pa. Feb. 18, 2025) (granting preliminary injunction on a utility patent against online marketplace sellers where the defendant's director "did not appear during the hearing … to testify as to the contents of his declaration," and therefore "was not subject to cross-examination regarding his statements, the Court gives the declaration the weight it is due–fairly little").

Finally, given Plaintiffs will not be calling any of their own witnesses, Everplay believes that a hearing could potentially be conducted in three hours or less.

**Plaintiffs' Response.** Everplay's request that Plaintiffs produce their declarants for cross-examination is premature. Plaintiffs have not yet filed their opposition, and the weight to be given any declaration is a matter for the Court once briefing is complete. Plaintiffs' opposition will rest principally on the '811 patent, the prior art, and the prosecution history, which require no witness. If the Court concludes that cross-examination of any of Plaintiffs' declarants is warranted, Plaintiffs request that the declarant be permitted to testify by contemporaneous video transmission under Federal Rule of Civil Procedure 43(a).

**3. Availability for an In-Person Hearing on November 2 or November 5, 2026**

**Plaintiffs.** Plaintiffs are available for an in-person hearing on Thursday, November 5, 2026, and respectfully request that date. Plaintiffs will appear through counsel, who will attend the hearing in person.

**Everplay.** Everplay and its witnesses are available on both dates and respectfully request

Monday, November 2, 2026. Everplay's counsel and both witnesses will appear in person: Mr. Erwin will travel from New Zealand and Mr. Fletcher from North Carolina. Everplay notes that Plaintiffs have addressed only November 5 and have not stated that they are unavailable on November 2, and that Plaintiffs will appear through counsel alone, as they do not intend to call any witness.

**Plaintiffs' Response.** Plaintiffs' counsel has a prior commitment on November 2, 2026, and therefore requests November 5.

**4. Proposed Briefing Schedule on Everplay's Objections Schedule Motion**

The parties have conferred regarding Everplay's request to shorten the periods for objections to the Court's report and recommendation on the Motion for Preliminary Injunction. The parties have not reached agreement on the length of those periods. Plaintiffs do not agree to three-day periods but have proposed seven-day periods for objections and for responses. Everplay appreciates Plaintiffs' proposal but intends to proceed with its motion. The two proposals differ by eight days: seven days for objections and seven days for responses total fourteen days, while three and three total six. Eight days is more than a calendar week during the critical month of November during which Everplay's sales are concentrated. Everplay intends to file its motion on September 25, 2026. The parties propose that Plaintiffs' response be due October 2, 2026, and that Everplay's reply be due October 9, 2026.

**Plaintiffs' Response.** The statutory periods are fourteen days for objections and fourteen days for responses (28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)). Plaintiffs' proposal would already cut those periods in half. Plaintiffs will address Everplay's motion in their response.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Jia Song*
Jia Song, Esq.
Mao Peng, Esq.
SUMMIT LAW PLLC
418 Broadway #8384
Albany, NY 12207
Telephone: (917) 293-9201
Email: jia.song@summitlaw.net
Email: mao.peng@summitlaw.net

*Counsel for Plaintiffs and Counterclaim-Defendants OMZZ Trading Co., Limited and Ningbo UnionMax Technology Co., Ltd.*

POLSINELLI PC

*/s/ Mark T. Deming* (with permission)
Mark T. Deming (Ill. Bar No. 6299631)
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 819-1900
mdeming@polsinelli.com

M. Lawrence Oliverio (pro hac vice)
Andrew Z. Weaver (pro hac vice)

*Attorneys for Defendant and Counterclaim-Plaintiff Everplay Labs Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jia Song*
Jia Song