IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMZZ TRADING CO., LIMITED and NINGBO UNIONMAX TECHNOLOGY CO., LTD., | ) | |
| Plaintiffs, | ) | Case No. 1:26-CV-09480 |
| v. | ) | |
| EVERPLAY LABS LIMITED, | ) | |
| Defendant. | ) | |

**EXHIBIT A — EVERPLAY'S PROPOSED SUBSTITUTE FINDINGS AND CONCLUSION ON SECURITY (RESPONDING TO DKT. 52)**

Everplay proposes that the following sentences be added at the end of paragraph 93 and that the following paragraphs replace paragraphs 95 through 97 and 138 of its proposed findings of fact and conclusions of law (Dkt. 51).

**Addition at the end of finding ¶ 93**

After the hearing, OMZZ filed a declaration on security. Dkt. 52. Because the Court's leave was limited to the amount of security, the Court considers that declaration for no other purpose. Hr'g Tr. 110:14–25, 111:25–112:4.

**Substitute findings ¶¶ 95–97**

95. OMZZ offered no evidence of its sales, margins, inventory or compliance costs before or at the hearing, and it proposed no amount of security. Dkt. 39 at 12; Hr'g Tr. 105:24–107:12. The Court granted OMZZ leave to file, by November 3, 2026, a sworn declaration limited to its sales of the Accused Products, through all channels, for the purpose of setting security. Hr'g Tr. 110:14–25, 112:11–14. OMZZ filed the declaration of its general manager, Yuan Xia, on November 3, 2026. Dkt. 52 ("Xia Decl.").

96. From August 1 through October 31, 2026, OMZZ sold 1,254 units of the Accused Products for about $65,520 in net profit after Amazon's referral and fulfillment fees, manufacturing costs, ocean freight, returns, storage and overhead, reflecting a net margin of about 16.6% or about $52 per unit. Xia Decl. ¶¶ 5–6. The declaration does not list advertising or Amazon's deal and coupon fees among the costs deducted, *id.* ¶ 6, so this figure may be an overstatement.

97. OMZZ projects that it would sell about 1,500 units in November and December 2026, for $80,000 to $100,000 in net profit, and that an injunction remaining in place through the holiday season and pending the resolution of this litigation and the reexamination would cost it $160,000 to $200,000 in net profit. *Id.* ¶¶ 9–10. OMZZ states that it has registered the Accused Products for Amazon's Black Friday and Cyber Monday promotional events, *id.* ¶ 10, but projects revenue of $320 to $350 per unit, more than the $315.59 per unit it realized from August through October. *Id.* ¶¶ 5, 9. Deals would be expected to be at a discounted price, not a premium, so once again the projected net profit may be an overstatement.

**<u>Substitute conclusion ¶ 138</u>**

138. OMZZ bears the burden of establishing the amount of security. *Monster Energy*, 136 F. Supp. 3d at 911. Its own sworn figures put its lost profit at $80,000 to $100,000 through the holiday season and $160,000 to $200,000 for an injunction lasting through this litigation and the reexamination. Findings ¶¶ 96–97. OMZZ does not say that it deducted its advertising and promotional costs in reaching those figures nor does it appear to account for discounts tied to promotional events, Findings ¶¶ 96–97, which therefore, if anything, overstate its lost profit. A bond of $100,000 errs on the high side of securing OMZZ's projected holiday-season profit at the top of its own range. *See Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000).

Either party may seek to modify the security if circumstances change. *See Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1142 (7th Cir. 1994). The Court recommends that security be set at $100,000.

**Alternative conclusion ¶ 138 (if the Court secures the full duration of the injunction)**

138. OMZZ bears the burden of establishing the amount of security. *Monster Energy*, 136 F. Supp. 3d at 911. Its own sworn figures put its lost profit at $80,000 to $100,000 through the holiday season and $160,000 to $200,000 for an injunction lasting through this litigation and the reexamination. Findings ¶¶ 96–97. OMZZ does not say that it deducted its advertising and promotional costs in reaching those figures nor does it appear to account for discounts tied to promotional events, Findings ¶¶ 96–97, which therefore, if anything, overstate its lost profit. A bond of $200,000 errs on the high side of securing OMZZ's projected net profit for the full duration of the injunction. *See Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000). Either party may seek to modify the security if circumstances change. *See Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1142 (7th Cir. 1994). The Court recommends that security be set at $200,000.

* * *

If the Court adopts the alternative ¶ 138, the amount of security in paragraph 7 of the proposed recommended order would be $200,000.