# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/016,557 | 09/01/2026 | 12551811 | P-701US-2603631 | 8607 |

21127 7590 11/05/2026

POLSINELLI PC
PO Box 140310
Kansas City, MO 64114-0310

| EXAMINER |
|---|
| GILBERT, WILLIAM V |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/05/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

SANG YOUNG HAN
333 SYLVAN AVENUE
#107
ENGLEWOOD CLIFFS, NJ 07632

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/016,557* .

PATENT UNDER REEXAMINATION *12551811* .

ART UNIT *3993* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| ***Order Denying Request For Ex Parte Reexamination*** | **Control No.**<br>90/016,557 | **Patent Under Reexamination**<br>12551811 | |
|---|---|---|---|
| | **Examiner**<br>WILLIAM V GILBERT | **Art Unit**<br>3993 | **AIA (FITF) Status**<br>Yes |

***--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

The request for *ex parte* reexamination filed 09/01/2026 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☑ PTO/SB/08, c)☐ Other: ____

The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐ by Treasury check or,

b) ☐ by credit to Deposit Account No. _____ , or

c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C.303(c)).

| | | |
|---|---|---|
| /WILLIAM V GILBERT/<br>Reexamination Specialist, Art Unit 399 | | |

cc: Requester ( if third party requester )

**DECISION ON REQUEST - DENIAL**

A substantial new question of patentability (SNQ) affecting claims 1-24 of United States Patent Number 12,551,811 B2 to Erwin et al. (the "'811 patent", "Erwin" and equivalent) has **not** been raised by the request for *ex parte* reexamination.

***Notice of Pre-AIA or AIA Status***

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

***Extensions of Time***

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

***Service of Papers***

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 C.F.R. 1.248. See 37 C.F.R. 1.550(c).

### ***Submissions***

In order to ensure full consideration of any affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution). Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 C.F.R. 1.116, after final rejection and by 37 C.F.R. 41.33 after appeal, which will be strictly enforced.

### ***Notification of Concurrent Proceedings***

The patent owner is reminded of the continuing responsibility under 37 C.F.R. 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent throughout the course of this reexamination proceeding. Likewise, if present, the third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

### ***Notification of Current Assignment of the Patent***

The patent owner is requested to provide the current assignment information for the patent for which reexamination is requested. An assignment can be made of record in the file of a patent application, patent, or other patent proceeding (e.g., reexamination proceeding). This step is necessary to permit the assignee to "take action" in the application, patent, or other patent proceeding under the conditions set forth in 37 CFR 3.73 and MPEP § 324. Recordation of an

assignment in the assignment records of the Office, however, does not, by itself, permit the assignee to take action in the application, patent, or other patent proceeding.

***Brief Summary of the Prior Examination Proceeding***

- US Patent No. 12,551,811 B2 (the '811 Patent) was filed as SN 18/023,046 (the '046 Application) on 24 February 2023. The following was presented via preliminary amendment:
  - Claims 1-20 are pending. Of those:
    - Claims 1, 17 and 20 were independent
    - Claims 2-16, 18 and 19 depended from a respective independent claim, either directly or indirectly
  - On 18 March 2025, a Non-final Office Action was mailed indicating the following:
    - Claims 7, 10 and 11 were rejected under 35 USC 112(b) for formalities. (Action: beginning at page 2)
    - Claims 1, 2, 6-9, 12, 13 and 15-20 were rejected under 35 USC 103 citing Ornstein et al. (U.S. Publication 2016/0184727) in view of Hoenigschmid (U.S. Publication 2022/0047960). (Action: beginning at page 3)
    - Claim 3 was rejected as under 35 USC 103 citing Ornstein in view of Hoenigschmid and Zheng (U.S. Publication 2018/0180185765). (Action: beginning at page 9)
    - Claim 4 was rejected under 35 USC 103 citing Ornstein in view of Hoenigschmid and Johnson (U.S. Publication 2014/0256210). (Action: page 10)
    - Claim 14 was rejected under 35 USC 103 citing Ornstein in view of Hoenigschmid and Costello et al. (U.S. Publication 2021/0220723). (Action: beginning at page 10)
    - Claims 10 and 11 were rejected under 35 USC 103 citing Ornstein in view of Hoenigschmid and Yamaai (U.S. Publication 2021/0213369). (Action: beginning at page 11)
    - Claim 5 was objected to as dependent from a rejected claim, but otherwise allowable. (Action: page 12)
  - On 18 June, Applicant responded and presented the following:
    - Claims 1-23 were pending. Of those:
      - Claims 1-17 and 20 were amended
      - Claims 18 and 19 were previously presented
      - Dependent claims 21-23 were new
  - On 05 August 2025, a Final Office Action was mailed indicating the following:

        - The rejections under 35 USC 112(b) were withdrawn
        - Claims 1, 2, 6-9, 12, 13 and 15-23 were rejected under 35 USC 103 citing Ornstein et al. in view of Hoenigschmid. (Action: beginning at page 2)
        - Claim 3 was rejected as under 35 USC 103 citing Ornstein in view of Hoenigschmid and Zheng. (Action: page 9)
        - Claim 4 was rejected under 35 USC 103 citing Ornstein in view of Hoenigschmid and Johnson. (Action: beginning at page 9)
        - Claim 14 was rejected under 35 USC 103 citing Ornstein in view of Hoenigschmid and Costello et al.. (Action: page 10)
        - Claims 10 and 11 were rejected under 35 USC 103 citing Ornstein in view of Hoenigschmid and Yamaai. (Action: beginning at page 10)
        - Claim 5 was objected to as dependent from a rejected claim, but otherwise allowable. (Action: page 11)
    - On 28 August 2025, an after final response was filed presenting the following:
        - Claims 1-24 were presented. Of those:
            - Claims 1, 2, 5-8, 12, 13, 15-18 and 20-23 were amended
            - Claims 3, 4, 9-11, 14 and 19 were previously presented
            - Claim 24 was new
    - On 19 September 2025, an Advisory Action was mailed indicating further search would be required.
    - On 08 October 2025, Applicant filed a Request for Continued Examination presenting the claims filed in the After Final response.
    - On 12 November 2025, a Notice of Allowability with examiner's amendment was filed presenting the following:
        - Claims 1 and 7 were subject to Examiner's Amendment (Notice: page 2)
        - Claims 1-24 were allowed. The examiner presented the following as a reasons for allowance (Notice: page 3), which is reproduced below:

> ***Reasons for Allowance***
>
> 3. The following is an examiner's statement of reasons for allowance: The closest prior art of record fails to make obvious a magnetized panel system comprising dowels and connectors having the structure as claimed, the connectors housing a magnet in each of two end recesses and the recesses each receiving a dowel in the manner claimed.

- On 18 February 2026, the application issued as U.S. Patent No. 12,551,811

***Requester's Position***

The request indicates that the third party requester considers the following prior art references to raise substantial new questions of patentability:

**<u>Presented Art:</u>**

- Ornstein et al. (Ornstein) - U.S. Publication 2016/0184727 A1
- Wei - CN 104274984 A -
- Kim et al. (Kim) - WO 2006/112679 A1
- Marrin et al. (Marrin) - U.S. Patent 5,070,665
- Goodman et al. (Goodman)- U.S. Publication 2013/0072314 A1
- Aun - EP 3 549 649 A1
- Haines - U.S. Patent 5,393,232
- Glickman - U.S. Patent 6,843,700 B2
- Cheung - U.S. Patent 9,873,061 B2

**<u>Proposed SNQs by Requester:</u>**

Requester presents the following as raising a Substantial New Question of Patentability (SNQ)[1]:

**Ornstein with Wei, Kim, Marrin, Goodman, Aun, Hains Glickman and Cheung raise and SNQ with respect to claims 1-24 of the '811 patent.**

Upon review of the analysis of the SNQ presented by Requester, the examiner interprets the SNQs as follows:

**<u>Proposed SNQ 1:</u>** Ornstein with Wei and Kim raise an SNQ with respect to claims 1, 2, 5, 6, 8, 12-14 and 16

[1] The SNQ is reproduced as presented in the Request (page 5), however, the claim mapping appears to reflect SNQs as provided by the examiner.

**Proposed SNQ 2:** Ornstein with Wei, Kim and Marrin raise an SNQ with respect to claim 3

**Proposed SNQ 3**: Ornstein with Wei, Kim and Goodman raise an SNQ with respect to claim 4

**Proposed SNQ 4:** Ornstein with Wei, Kim and Aun raise an SNQ with respect to claims 7, 15, 17-19, 21, 23 and 24

**Proposed SNQ 5:** Ornstein with Wei, Kim and Haines raise an SNQ with respect to claims 9, 10 and 11

**Proposed SNQ 6:** Ornstein with Wei, Kim, Aun and Glickman raise an SNQ with respect to claim 20

**Proposed SNQ 7:** Ornstein with Wei, Kim, Cheung and Aun raise an SNQ with respect to claim 22

**Qualifying the Prior Art:**

***Old Art:***

While the **Ornstein** reference(s) is/are considered old art, the SNQ presented by the Requestor are based on a combination of "old art" and art newly cited (i.e. Wei and Kim) and is proper. See *In re Hiniker,* 150 F.3d at 1367, 47 USPQ2d at 1527. (Court held the reexamination proceeding was supported by a substantial new question of patentability where the rejection before the court was based on a combination of art that had been before the examiner during the original prosecution, and art newly cited during the reexamination proceeding.) See MPEP 2258.01.

Ornstein has a publication date of 30 June 2016 and a filing date of 10 March 2016. Ornstein was cited and considered during the prosecution of the '811 patent, but it is now being presented in a new light. Ornstein qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

***Newly Presented Art:***

**Wei** has a publication date of 14 January 2015. Wei was not cited or considered during the prosecution of the ‘811 patent. Wei qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Kim** has a publication date of 26 October 2006. Kim was not cited or considered during the prosecution of the ‘811 patent. Kim qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Marrin** has a publication date of 10 December 1991 and a filing date of 25 July 1989. Marrin was not cited or considered during the prosecution of the ‘811 patent. Marrin qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Goodman** has a publication date of 21 March 2013 and a filing date of 14 September 2012. Goodman was not cited or considered during the prosecution of the ‘811 patent. Goodman qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Aun** has a publication date of 09 October 2019. Aun was not cited or considered during the prosecution of the ‘811 patent. Aun qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Haines** has a publication date of 28 February 1995. Haines was not cited or considered during the prosecution of the ‘811 patent. Haines qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Glickman** has a publication date of 18 January 2005 and a filing date of 07 January 2004. Glickman was not cited or considered during the prosecution of the '811 patent. Glickman qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Cheung** has a publication date of 23 January 2018 and a filing date of 06 October 2015. Cheung was not cited or considered during the prosecution of the '811 patent. Cheung qualifies as prior art under 35 U.S.C. § 102(a),(b) and (e)/(1) and (2) for all claims.

**Analysis of the Prior Art as NOT raising SNQs:**

**Addressing Proposed SNQs 1-7: Ornstein, Wei and Kim, either alone or in combination, do not raise an SNQ with respect to the claims.**

Claims 1, 17, 22 and 24 are the independent claims with claims 2-16 depending from claim 1, claims 18-21 depend from claim 17 and claim 23 depends from claim 22. Each of the proposed SNQs combine Ornstein, Wei and Kim, with independent claim 22 further incorporating Cheung and Aun and independent claim 24 further incorporating Aun. The remaining cited art is incorporated into dependent claims.

Each of the independent claims requires at least the following common features claimed:

- a panel:
  - Claim 1: lines 2 and 3
  - Claim 17: line 1
  - Claim 22: lines 1 and 2
  - Claim 24: line 2
- at least one connector having a first recess at a first end and a second recess at a second end
  - Claim 1: lines 4-7

- Claim 17: lines 2-4
- Claim 22: lines 3-5
- Claim 24: line 24

- at least one magnet located in a respective connector, the respective magnet(s) has/have the ability to rotate
  - Claim 1: lines 8-15
  - Claim 17: lines 5 and 6
  - Claim 22: lines 6-15
  - Claim 24: lines 5-14

- at least a first dowel, with a respective dowel received in a respective recess, or per claim 24, the dowel coupled to the connector
  - Claim 1: lines 16-28
  - Claim 17: lines 7-11
  - Claim 22: lines 16-20
  - Claim 24: lines 21-23

Each of the claims clearly state that the connector(s), magnet(s) and dowel(s) are a part of the panel(s): they are not separate from the panel(s). Without incorporating the specification into the claims, but for ease of reference, see Fig. 13 of the '811 patent, where the connectors are 1310; the magnets are 1300a and 1300b; and the dowels are 1308a and 1308b. and a panel is represented in Fig. 18.

Turning now to the art of Ornstein, Wei and Kim. Ornstein teaches a panel with magnetized connection (paragraph [0126]). Ornstein does not teach the connectors with the claimed features, nor a dowel with its claimed features and interrelation with the panel. Requester relies on Wei for teaching a dowel system (see Request: e.g., beginning page 7). Wei is directed to a toy pipe connection system that incorporates magnets for connection (Wei: paragraph [0001]). Wei is silent regarding a panel system, which is required in the '811 patent.

Kim is relied upon for teaching a magnet that can rotate (Request: page 8), however, this fails to cure the deficiencies previously raised.

The basis for establishing an SNQ is provided in MPEP 2242(I), which states as follows:

> A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. If the prior art patents and/or publications would be considered important, then the examiner should find "a substantial new question of patentability" unless the same question of patentability has already been decided as to the claim in a final holding of invalidity by a federal court or by the Office in an earlier concluded examination or review of the patent, or unless the same question of patentability has been raised to or by the Office in a pending reexamination or supplemental examination of the patent…
>
> ***
>
> For "a substantial new question of patentability" to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be <u>important</u> in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in an earlier concluded examination or review of the patent, raised to or by the Office in a pending reexamination or supplemental examination of the patent, or decided in a final holding of invalidity (after all appeals) by a federal court in a decision on the merits involving the claim…

Upon reviewing Ornstein, Wei and Kim, both alone and in combination, the teachings are not considered to be important to a reasonable examiner in determining the claims in the '811 patent are patentable. The panel in Ornstein does not provide the specifics of the connector and dowel. The tubular structure as taught in Wei, which has no disclosure referencing a panel, would not be reasonably interpreted as a dowel to be used in combination with the panel in Ornstein. Kim fails to cure the deficiencies of Wei and Ornstein. The remaining cited art, Marrin, Goodman, Aun, Haines, Glickman and Cheung, further fail to remedy any deficiencies.

As a result, the prior art of Ornstein, Kim, Wei, Marrin, Goodman, Aun, Haines, Glickman and Cheung, taken alone, in combination, or in new light, fail to raise an SNQ with respect to independent claims 1, 17, 22 and 24. As no SNQ is raised with respect to the independent claims, no SNQ arises with respect to dependent claims 2-16, 18-21 and 23.

***Patent Owner Pre-Order Statement***

Patent Owner's Pre-Order Paper (hereafter "paper") dated 30 September 2026, has been reviewed in detail. While noting Patent Owner's position, the examiner is respectfully not persuaded with respect to the Patent Owner's position regarding the raising of SNQs. The standard for raising an SNQ is provided in MPEP 2242(I), which states as follows: [a] prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. In evaluating the present Request and Patent Owner's Pre Order Paper, the examiner used this standard along with the other guidelines established in MPEP 2242(I), which does not necessarily align with the requirements under 35 USC 102 and/or 103.

While noting Patent Owner points out Requester's lumping all the art together and written as an SNQ (paper: page 5), Requester does separate the art when addressing the individual claims, which the examiner indicated above. To expedite review, the examiner interpreted the SNQs as provided above.

Patent Owner further provides arguments in the paper directed to obviousness (page 5). Such arguments are not considered here since they are directed to 35 USC 103, not an

SNQ. MPEP 2246 expressly states that no statement will be made in the Order as to whether claims are rejected over prior art (underline emphasis in original):

> In the decision on the request, the examiner will not decide, and no statement should be made as to, whether the claims are rejected over the patents and printed publications. The examiner does not decide the question of patentability of the claims in the decision on the request. The examiner only decides whether there is a substantial new question of patentability to grant the request to order reexamination.

While noting and considering Patent Owner's position with respect to the prior art of Ornstein, Wei and Kim, Patent Owner's position is respectfully considered moot in light of the denial based on Requester's failure to establish an SNQ as discussed above.

***35 USC §325(d)***

A review of the post grant history for the instant patent indicates that there have been no other Office post grant challenges made to the patent (Reexamination Proceedings or *Inter Partes* Review, Post Grant Review, Covered Business Method trials). Accordingly, a discretionary denial of reexamination pursuant to 35 USC 325(d) is not applicable.

***Option to Petition***

This denial decision is not appealable. *See* 35 U.S.C. § 303(c); *see also* 37 C.F.R. § 1.515(c). However, Third-Party Requester may seek review of this decision by petitioning the Director under 37 C.F.R. § 1.181 within one month of the mailing of this decision and the petition must comply with 37 C.F.R. § 1.181(b). *See* 37 C.F.R. § 1.515(c). *See also* M.P.E.P. §§ 2247, 2248.

***Conclusion***

For the reasons given above, the Request for Reexamination of Claims 1-24 of United States Patent Number 12,551,811 B2 is **DENIED**.

***Correspondence***

**All** correspondence relating to this *ex parte* reexamination proceeding may be submitted via:

| | |
|---|---|
| Electronically: | Registered users may submit via Patent Center<br>https://patentcenter.uspto.gov/. |
| By Mail to: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Knox Building<br>501 Dulany Street<br>Alexandria, VA 22314 |

For Patent Center transmissions, 37 CFR 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4) , and (b) includes a certificate of

transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to WILLIAM V GILBERT whose telephone number is (571)272-9055. The examiner can normally be reached M-F 0800-0430 Eastern.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Eileen Lillis can be reached on 571.272.6928. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit (CRU) at telephone number: 571.272.7705. The CRU's fax number is: 571.273.9900.

/WILLIAM V GILBERT/
Reexamination Specialist, Art Unit 3993

CONFEREES:

/JOSHUA KADING/
Reexamination Specialist, Art Unit 3993

/EILEEN D LILLIS/
SPRS, Art Unit 3993

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( **Not for submission under 37 CFR 1.99)** | | |
|---|---|---|
| | Application Number | 18023046 |
| | Filing Date | 2023-02-24 |
| | First Named Inventor | Anthony Mariner Erwin |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

**U.S.PATENTS** Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code1 | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 5070665 | A | 1991-12-10 | MARRIN ET AL. | |
| | 2 | 5393232 | A | 1995-02-28 | HAINES WILLIAM C | |
| | 3 | 6843700 | B2 | 2005-01-18 | GLICKMAN JOEL I | |
| | 4 | 9873061 | B2 | 2018-01-23 | CHEUNG JASON | |

If you wish to add additional U.S. Patent citation information please click the Add button. Add

**U.S.PATENT APPLICATION PUBLICATIONS** Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code1 | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20160184727 | A1 | 2016-06-30 | ORNSTEIN NOAH J. et al. | |
| | 2 | 20130072314 | A1 | 2013-03-21 | GOODMAN WILLIAM LOUIS ET AL. | |

If you wish to add additional U.S. Published Application citation information please click the Add button. Add

**FOREIGN PATENT DOCUMENTS** Remove



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.V.G/

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 18023046 |
|---|---|---|
| | Filing Date | 2023-02-24 |
| | First Named Inventor | Anthony Mariner Erwin |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

| Examiner Initial* | Cite No | Foreign Document Number3 | Country Code2 i | Kind Code4 | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T5 |
|---|---|---|---|---|---|---|---|---|
| | 1 | 104274984 | CN | A | 2015-01-14 | WEI ZHENGPENG | | ☐ |
| | 2 | 2006112679 | WO | A1 | 2006-10-26 | KIM, YONG-CHEOL | | ☐ |
| | 3 | 3549649 | EP | A1 | 2019-10-09 | AUN, Anu | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button Add

**NON-PATENT LITERATURE DOCUMENTS** Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button Add

**EXAMINER SIGNATURE**

| Examiner Signature | /WILLIAM V GILBERT/ | Date Considered | 10/27/2026 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.V.G/

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| | Application Number | 18023046 |
| | Filing Date | 2023-02-24 |
| | First Named Inventor | Anthony Mariner Erwin |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

**CERTIFICATION STATEMENT**

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

**SIGNATURE**

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Sang Young Han/ | Date (YYYY-MM-DD) | 2026-08-31 |
|---|---|---|---|
| Name/Print | Sang Young Han | Registration Number | 81628 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.V.G/

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /W.V.G/